IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID AND LAWRENCIA
GRIFFIN,

      Plaintiffs,

v.                                     Civil Action No. 3:13-CV-00967-O-BK

BANK OF AMERICA, NA,

      Defendant.

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the United States Magistrate Judge for pretrial management. The cause is now before the Court for a recommendation on Defendant's *Motion to Dismiss* (Doc. 6). For the reasons discussed below, the undersigned recommends that the District Court **GRANT** Defendant's *Motion to Dismiss* (Doc. 6).

### BACKGROUND

Plaintiffs originally brought this action in state court against Defendant in connection with the anticipated foreclosure of their home. They commenced the action by filing a "motion to order a temporary restraining order," requesting that the state court halt the foreclosure sale, which was scheduled to take place the next day. (Doc. 1-1 at 5). Plaintiffs alleged that Defendant had "wrongfully foreclosed" on the home in that Defendant did "not have standing to foreclose." *Id.* at 6. Defendant removed the case to this Court based on diversity jurisdiction and now moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 1 at 2-5; Doc. 7).

## APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

## ARGUMENTS AND ANALYSIS

Defendant argues that Plaintiffs' claim for wrongful foreclosure is not ripe because their home has not yet been foreclosed upon.  (Doc. 7 at 2).  Additionally, Defendant contends that Plaintiffs are not entitled to injunctive relief because such a request cannot stand on its own and must relate to a specific cause of action, which is non-existent in this case. *Id.* at 3.  In any event, Defendant maintains that Plaintiffs have not made the required showing necessary to warrant the extraordinary remedy of injunctive relief. *Id.*

Although the Court gave Plaintiffs numerous opportunities to respond to Defendant's dismissal motion (Docs. 9, 11, 14), Plaintiff Lawrencia Griffin has filed only a document entitled *Appointment of Fiduciary/Trustee*.  (Doc. 15).  In this document, Ms. Griffin states that Defendant's attorneys have behaved "aggressively" in handling this case,  and she purports to assign the attorneys and their firm as her fiduciaries. *Id.*  Plaintiff David Griffin has not filed a response to Defendant's dismissal motion.

To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008). In this case, Plaintiffs have alleged none of these elements. *See* Doc. 1-1. Indeed, they acknowledged in their state court pleading that the foreclosure sale had not yet taken place yet. *Id.* at 5. Accordingly, their claim for wrongful foreclosure should be dismissed without prejudice to their bringing that claim once the foreclosure has occurred. *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 91 (5th Cir. 2011) (noting that dismissal without prejudice is appropriate when the district court dismisses an unripe claim).

Turning next to Plaintiffs' request for a temporary injunction, under Texas law, in order to establish the right to such relief, the applicant must show (1) a probable and irreparable injury; and (2) a probable right to recover after a final hearing on the merits. *Seaborg Jackson v. Beverly Hills Sav.*, 753 S.W.2d 242, 243 (Tex. App.– Dallas 1988). To show a probability of success on the merits of an injunction claim, a plaintiff must first plead a facially meritorious underlying cause of action. This is because "[a]n injunction is an equitable remedy, not a cause of action" unto itself. *Brown v. KePing Xie*, 260 S.W.3d 118, 122 (Tex.App.– Houston [1st Dist.], 2008). A party thus can secure an injunction only by showing a likelihood of recovery "through a claim or cause of action." *Id.* (quotation omitted). Because Plaintiffs' claim for wrongful foreclosure is not yet a viable cause of action, their request for injunctive relief fails. *See Wildy v. Wells Fargo Bank, N.A.*, 2013 WL 246860, at *6 (N.D. Tex. 2013) (holding that where no viable claims for relief existed, the plaintiff was not entitled to injunctive relief) (Stickney, M.J.); *Cook*

3

*v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. 2011) (Fitzwater, C.J.) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

## CONCLUSION

For the reasons set forth above, the District Court should **GRANT** Defendant's *Motion to Dismiss* (Doc. 6).

**SO RECOMMENDED** on August 30, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE